BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Nevada Gaming Partners, LLC*

> Electronically Filed October 12, 2016

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NEVADA GAMING PARTNERS, LLC,<br>a Nevada limited liability company,<br><br>Debtor. | Case No. BK-S-16-15521-led<br><br>Chapter 11<br><br>**EMERGENCY FIRST DAY MOTION FOR AN ORDER (1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES; (3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date:    OST REQUEST PENDING<br>Hearing Time:    OST REQUEST PENDING<br>Estimated Time for Hearing:  15 minutes |

Nevada Gaming Partners, LLC ("NGP" or "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, Fox Rothschild LLP, respectfully submits this motion (the "Motion"), pursuant to

Bankruptcy Code[1] sections 105(a) and 366, for entry of an Order (1) prohibiting utilities from altering, refusing or discontinuing service, (2) authorizing Debtor to pay utilities in the ordinary course of business, (3) deeming utilities adequately assured of future performance, and (4) establishing procedures for determining requests for additional adequate assurance.

The requested relief is necessary because uninterrupted utility services are critical to Debtor's ability to sustain its operations. Any interruption of utility services, even for a brief period of time, would disrupt the operation of Debtor's business and jeopardize Debtor's reorganization efforts. Moreover, utilities will not suffer any tangible economic harm as a result of the relief requested herein, as Debtor will compensate utilities in full for any postpetition services provided.

The Motion is made and based upon the following memorandum of points and authorities, the Omnibus Declaration of Bruce Familian (the "Omnibus Declaration") filed in support of Debtor's First Day Motions, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

Dated this 12th day of October, 2016

**FOX ROTHSCHILD LLP**

By   _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
    *[Proposed] Counsel for Nevada Gaming Partners, LLC*

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) & (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 366.

4. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II.

## FACTUAL BACKGROUND

5. On October 12, 2016 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. Debtor is continuing in possession of its property and is operating and managing its businesses as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

7. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. See id.

8. The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declaration, which is incorporated herein by this reference.

9. Debtor is a gaming company that focuses on three business lines: slot route operations (the "Slot Routes"), casino operations (the "Casino Business") and refurbishment of slot machines ("Refurbishment Business").

10. The Slot Routes involve the exclusive installation and operation of slot machines in certain strategic, high traffic, non-casino locations, such as grocery stores, merchandise stores, convenience stores, bars, restaurants, laundromats and car washes, all throughout Nevada.

11. As of the Petition Date, Debtor operated approximately 429 slot machines throughout the State of Nevada via its Slot Routes. Nevada law limits the Slot Routes to certain types of non-casino locations including bars, taverns, convenience stores and grocery stores, and most locations are limited to offering no more than 15 slot machines.

12. Debtor generally enters into two types of Slot Route contracts: space lease arrangements ("Space Leases") and revenue-sharing arrangements ("Participation Agreements"). Under the Space Leases, Debtor pays a fixed monthly fee for each location in which they place slot machines. Under the Participation Agreements, Debtor pays the location owner a percentage of the revenues generated by the slot machines in that location. In order to enter into a Participation Agreement, in addition to Debtor, the location owner must also hold all necessary gaming licenses. Both Space Leases and Participation Agreements typically involve long-term contracts that provide the Debtor with the exclusive right to install its slot machines at particular locations.

13. Debtor's Casino Business consists of the Klondike Sunset Casino located on 2.2 acres of land at 444 West Sunset Road, west of Boulder Highway, in Henderson, Nevada.

14. The Klondike Sunset Casino was purchased in December 2015 and re-opened on August 3, 2016 after an extensive eight-month renovation. The Klondike Sunset Casino consists of approximately 7,700 square feet of gaming space. The Klondike Sunset Casino has over 224 slot machines and 1 roulette and 1 craps electronic table games. The Klondike Sunset Casino also has a bar and a 24-hour restaurant, Sarah's Kitchen, located on the premises. A race and sports book is opening this month.

15. The Klondike Sunset Casino's business focuses on attracting and fostering repeat business from local patrons.

16. Debtor's Refurbishment Business involves taking recently retired video poker and slot machines from Nevada casinos and restoring each to factory specifications, using original manufacturer parts. Debtor then sells the video poker and slot machines for home entertainment use

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

only. Many machines come with a certified copy of the serial number originating from the casino. Each machine comes with a 1-year warranty that covers everything on the machine except for the light bulbs. Debtor also sells machine parts and accessories.

17.    In connection with the operation of its businesses, Debtor incurs utility expenses for telecommunications, satellite television and waste management services ("Utility Services") from certain utility companies (the "Utility Providers"), including those listed on **Exhibit 1** hereto.[2]

18.    Debtor intends to continue to use the Utility Providers set forth on **Exhibit 1**.[3] Debtor estimates that its average monthly postpetition payments to the Utility Providers will aggregate approximately $5,534.47.

### III.

### RELIEF REQUESTED

By this Motion, Debtor seeks an Order (1) prohibiting Utility Providers from altering, refusing or discontinuing service relationships or terms to Debtor except as set forth herein; (2) authorizing payment of ordinary course payments due to Utility Providers; (3) deeming Utility Providers adequately assured of future performance; and (4) establishing procedures for determining requests for additional adequate assurance. Such relief is necessary because uninterrupted Utility Services are critical to Debtor's ability to sustain its operations. Any interruption of Utility Services, even for a brief period, would severely disrupt Debtor's business operations and would be extremely harmful to its revenues and profits.

Debtor believes it has and will have adequate cash to meet all of its necessary postpetition operating expenses on a current basis, including payments to the Utility Providers and the payment

---

[2] The Bankruptcy Code does not define "utility," but Debtor reserves all rights to argue that any entity listed on the Utilities List is a "utility" within the meaning of or entitled to the protection of Bankruptcy Code section 366 and to argue that any such entity is compelled by contractual obligation, law or regulation, to continue to furnish services to Debtor notwithstanding the filing of this Chapter 11 Case.

[3] The listing of any entity on **Exhibit 1** attached hereto is not an admission that any listed entity is a utility within the meaning of Bankruptcy Code section 366. Debtor reserves the right to assert at any time that any entity listed on **Exhibit 1** is not entitled to adequate assurance pursuant to section 366 of the Bankruptcy Code. Debtor further reserves the right to terminate the services of any Utility Provider at any time and to seek an immediate refund of any Utility Deposit without giving effect to any right of setoff or claim asserted by a Utility Provider against Debtor.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of a deposit consisting of a sum equal to fifty percent (50%) of Debtor's estimated monthly costs for Utility Services for the Utility Providers (a "Utility Deposit"), based upon an average of Debtor's monthly costs for the six (6) months immediately preceding the Petition Date.

19.    Debtor requests the Court authorize it to pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposit, the "Adequate Assurance Payments").

20.    Upon Debtor's payment of the Adequate Assurance Payments, the Utility Provider would be deemed adequately assured of Debtor's future performance under 11 U.S.C. § 366.

21.    As to new accounts opened by Debtor as debtor in possession, Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.  If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, Debtor requests that the Court consider any such request for relief, with notice to the Utility Provider, on an expedited basis.

22.    Debtor requests the Court authorize and direct banks and financial institutions to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks or wire transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of the attached Order.  Further, Debtor requests authorization to reissue checks or wire transfer requests where such method of payment has been dishonored.

23.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**Debtor's Proposed Adequate Assurance Procedures.**

24.    Debtor seeks to establish reasonable procedures (the "Procedures") by which a Utility Provider may request additional adequate assurance of future payment, in the event that such Utility Provider believes that its Utility Deposit does not provide it with satisfactory adequate assurance.  Such Procedures, in particular, would provide the following:

    a.  If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

    b.  The Request must be actually received by Debtor and Debtor's counsel, Micaela Rustia Moore, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting this Motion (the "Request Deadline");

    c.  Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

    d.  If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2), (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

    e.  Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

25.    If Debtor supplements the list on **Exhibit 1** attached hereto subsequent to the filing of this Motion, Debtor will serve a copy of this Motion and the signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

26.     Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served.  The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request.  In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

27.     Finally, Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice").  Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and/or prepetition deposit to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor.  Debtor believes that the immediate refund of a Utility Deposit or prepetition deposit by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IV.**

**LEGAL AUTHORITY**

Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]."  Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002).

Under Bankruptcy Code section 366, a utility may not alter, refuse, or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the bankruptcy case or the debtor's failure to pay a prepetition debt unless the debtor fails to furnish adequate assurance of payment for postpetition services, in the form of a deposit or other security, within twenty (20) days after the commencement of the case:

> (a)     Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(b)  Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

(c)  (1)(A) For purposes of this subsection, the term "assurance of payment" means—

(i)  a cash deposit;

(ii)  a letter of credit;

(iii)  a certificate of deposit;

(iv)  a surety bond;

(v)  a prepayment of utility consumption; or

(vi)  another form of security that is mutually agreed on between the utility and the debtor or the trustee.

(B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

(B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider—

(i)  the absence of security before the date of the filing of the petition;

(ii)  the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(iii) the availability of an administrative expense priority.

(4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

11 U.S.C. § 366.

Section 366(c)(2) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, specifically addresses utility services to a chapter 11 debtor. See 11 U.S.C. § 366(c)(2). Section 366(c)(2) of the Bankruptcy Code provides that a utility company may alter, refuse, or discontinue service, if within thirty (30) days after a chapter 11 filing, such utility has not received adequate "assurance of payment" that is satisfactory to the utility. See id. Specifically enumerated among the possible forms for providing "assurance of payment" is the option to provide a cash deposit, among other things. Id. at § 366(c)(1)(A). Although the alternative forms for assurance of payment is specified by the Bankruptcy Code, determining the amount of assurance that must be provided is within the court's discretion. See 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."); 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2)."); Accord In re Pacific Gas & Elec. Co., 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of § 366(b)] contemplates that the decision of whether to order security lies within the discretion of the Bankruptcy Court."); In re Steinbach, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate protection. . . .").

While the form of adequate assurance of payment may be limited under subsection 366(c) to the types of security enumerated in subsection 366(c)(1)(A), the amount of the deposit or other form of security, however, remains fully within the reasonable discretion of the Court, subject only to three specific factors that may not be considered by the Court, as listed in subsection 366(c)(3)(B).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1   Under that subsection, when determining "whether an assurance of payment is adequate," the

2   Bankruptcy Court may not consider: (1) whether the debtor had a prepetition deposit; (2) whether

3   the debtor paid its utility bills on time prepetition; or (3) the administrative expense priority

4   afforded utilities postpetition. 11 U.S.C. § 366(c)(3)(B).

5       Section 366(b) permits a court to find that no adequate assurance payment at all is necessary

6   to provide a utility with adequate assurance of payment under certain circumstances. See In re

7   Steinbach, 303 B.R. at 641 ("Bankruptcy courts are afforded reasonable discretion in determining

8   what constitutes adequate assurance including discretion to determine that no deposit or other

9   security is necessary."); In re Caldor, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other

10  security' should be interpreted narrowly, a bankruptcy court's authority to 'modify' the level of the

11  'deposit or other security' provided for under § 366(b) includes the power to require 'no deposit or

12  other security' where none is necessary to provide a utility supplier with 'adequate assurance of

13  payment').   Accordingly, courts have discretion to determine the amount of adequate assurance

14  payments and, where appropriate, to determine that no such payment is necessary.   Indeed, this

15  Court has, in certain circumstances, prohibited utility companies from requiring the payment of any

16  additional deposit or security in connection with the continued provision of utility services. See e.g.

17  Bistro Central LV, LLC, Case No. 14-14931-ABL (Bankr. D. Nev. July 30, 2014).

18      Further, section 366(c), like section 366(b), simply requires that a utility's assurance of

19  payment be "adequate."   Adequate assurance of performance does not constitute an absolute

20  guarantee of a debtor's ability to pay. See In re Steinbach, 303 B.R at 641 (Bankr. D. Ariz. 2004)

21  ("Adequate assurance of payment is not, however, absolute assurance . . . all § 366(b) requires is

22  that a utility receive only such assurance of payment as is necessary to protect its interests given the

23  facts of the debtor's financial circumstances").

24      Based upon the foregoing, Debtor believes that the proposed adequate assurance is sufficient

25  within the meaning of Bankruptcy Code section 366.  Debtor proposes to make a cash deposit to the

26  Utility Providers equal to one half of a month's average historical invoice amount, determined using

27  an average of the monthly invoice amounts for the six (6) months immediately preceding the

28  Petition Date.  Debtor submits that one-half month's billing, based on the historical average of the

previous six months, is more than adequate under the totality of the facts and circumstances.[4] Accordingly, bankruptcy courts have deemed cash deposits in amounts commensurate with Debtor's proposed adequate assurance deposit to be adequate assurance of payment. See, e.g., In re America West Development, Inc., Case No. 12-12349-MKN (Bankr. D. Nev. April 11, 2012); In re 155 East Tropicana, LLC, Case No. 11-55516-BAM, Docket No. 62 (Bankr. D. Nev. 2011) (approving, as adequate assurance of payment, deposit equal to 50% of Company's estimated cost of their monthly utility consumption); In re Pac-West Telecomm, Inc., Case No. 07-10562 (Bankr. D. Del. June 4, 2007) (approving, as adequate assurance of payment, one-time supplemental prepayment equal to one week's worth of utility charges); In re The N.Y. Racing Ass'n, Inc., Case No. 06-12618 (Bankr. S.D.N.Y. Dec. 1, 2006) (approving, as adequate assurance of payment, cash deposit equal to two-week's worth of utility charges).

Here, Debtor satisfies the criteria considered by courts in finding that adequate assurance of payment has been shown, as Utility Providers will not suffer an unreasonable risk of nonpayment with half a month's deposit.  Moreover, Debtor proposes to protect Utility Providers further by establishing the Procedures provided for herein, whereby Utility Providers can request additional adequate assurance in the event that it believes there are facts and circumstances with respect to its providing postpetition services to Debtor that would merit greater protection.

Debtor cannot continue to operate without continued Utility Services.  If Utility Providers alter, refuse or discontinue service, even for a brief period, Debtor's business operations would be severely disrupted and Debtor would be unable to maintain its businesses.

In contrast, the Utility Providers will not be prejudiced by the continuation of services and will be paid all postpetition utility charges.  In addition, the rights of Utility Providers will not be prejudiced should the relief requested in this Motion be granted because Utility Providers are permitted to come before this Court and seek relief according to the Procedures proposed.  Hence, Debtor requests an Order prohibiting Utility Providers from altering, refusing, or discontinuing

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

---

[4] See Adelphia Business Solutions, 280 B.R. 63, 82-83, and 86 n. 127 (Bankr. S.D.N.Y. 2002) (adequate assurance of payment is a fact-driven analysis based on the totality of the facts and circumstances of the case).

service to Debtor conditioned solely upon Debtor's providing Utility Providers with a one-half month's deposit (or such other amount as determined in accordance with the Procedures). Once Debtor pays the proposed Utility Deposit, Debtor submits that it will have furnished the requisite adequate assurance of payment to such Utility Provider.

Debtor's proposed method of furnishing adequate assurance of payment for postpetition Utility Services is not prejudicial to the rights of Utility Providers and is in the best interests of Debtor, its estate and its creditors. This Court has approved similar procedures and deposits to those requested herein following the enactment of BAPCPA.[5]

Because uninterrupted Utility Services are vital to the continued operation of Debtor's businesses and, consequently, to the success of its Chapter 11 Case, the relief requested herein is necessary and in the best interests of Debtor, its estate and its creditors. Such relief ensures that Debtor's business operations will not be disrupted. In addition, Utility Providers and Debtor will have an orderly and fair procedure for determining any additional requests for adequate assurance.

**V.**

**NOTICE**

Notice of this Motion will be given by e-mail, facsimile or overnight delivery to the following parties, or in lieu thereof, to their counsel: (1) the United States Trustee, (2) the parties included on Debtor's list of twenty (20) creditors holding the largest unsecured claims, and (3) those Utility Providers identified on **Exhibit 1** attached hereto. In light of the nature of the relief requested herein, Debtor submits that no other or further notice is required.

///

///

///

///

---

[5] See In re America West Development, Inc., Case No. 12-12349-MKN (Bankr. D. Nev. April 11, 2012); In re 155 East Tropicana, LLC, Case No. 11-22216-BAM; In re Station Casinos, Inc., Case No. 09-52477-GWZ; In re R.M. Precision Swiss Inc. of Nevada, Case No. 07-14030-BAM; In re Americana, LLC, Case No. 07-17845-BAM; In re FX Luxury Las Vegas I, LLC, Case No. 10-17015-BAM.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

**VI.**

2

**CONCLUSION**

3      WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court

4  enter an Order, substantially in the form attached hereto as **Exhibit 2**, (a) prohibiting Utility

5  Providers from altering, refusing and discontinuing service relationships or terms on account of

6  prepetition invoices; (b) authorizing payment (i) of the Utility Deposit and (ii) in the ordinary

7  course of amounts due to Utility Providers arising from current and postpetition invoices, including

8  amounts for Utility Services provided to Debtor prepetition; and, (iii) upon Debtor making such

9  payments, deeming Utility Providers adequately assured of Debtor's future performance; (c)

10  establishing the procedures set forth herein for determining any requests for additional adequate

11  assurance; and (d) granting such other and further relief as this Court deems just and appropriate.

12      DATED this 12th day of October 2016.

13

**NEVADA GAMING PARTNERS, LLC,** a Nevada
limited liability company

14

15

By_____

16

Bruce Familian, Manager

17

18  Respectfully submitted by:

19  **FOX ROTHSCHILD LLP**

20  By:    _/s/Brett Axelrod_____

21      BRETT A. AXELROD, ESQ.
      Nevada Bar. No. 5859

22      MICAELA RUSTIA MOORE, ESQ.
      Nevada Bar No. 9676

23      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135

24  _[Proposed] Counsel for Nevada Gaming Partners, LLC_

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 1**

**UTILITY PROVIDER(S)**

| Utility Provider | Account No. | Service | Avg. Monthly Cost | Proposed Adequate Assurance Amount (Utility Deposit) |
|---|---|---|---|---|
| Cox Communications | 0018610125366004 | Telecommunications | $658.47 | $329.23 |
| Cox Communications | 0018610120964501 | Telecommunications | $700.00 | $350.00 |
| Cox Communications | 0018610079570303 | Telecommunications | $2,800.00 | $1,400.00 |
| Centurylink | 449136536 | Telecommunications | $309.00 | $154.50 |
| Centurylink | 450815724 | Telecommunications | $239.00 | $119.50 |
| Direct TV | 13756814 | Television Services | $90.00 | $45.00 |
| AT&T | 149542137 | Telecommunications | $74.00 | $37.00 |
| AT&T | 7753591539 | Telecommunications | $68.00 | $34.00 |
| Republic Services | 30620-0263336 | Waste Services | $343.00 | $171.50 |
| Republic Services | 30620-0331759 | Waste Services | $253.00 | $126.50 |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 2**

**\*PROPOSED FORM OF ORDER\***

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Nevada Gaming Partners, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-S-16-15521-led |
|---|---|
| | Chapter 11 |
| NEVADA GAMING PARTNERS, LLC, a Nevada limited liability company, | **ORDER (1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES; (3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE** |
| Debtor. | |
| | Hearing Date: |
| | Hearing Time: |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 42684169v1 10/12/2016

2

This Court, having reviewed and considered Debtor's Emergency First Day Motion (the "Motion"),[1] for an Order (1) prohibiting utilities from altering, refusing or discontinuing service, (2) authorizing ordinary course payments to utilities, (3) deeming utilities adequately assured of future performance, and (4) establishing procedures for determining requests for additional adequate assurance and the Omnibus Declaration of Bruce Familian ("Omnibus Declaration") filed in support of Debtor's First Day Motions; all pleadings and evidence submitted in connection with the Motion; and the oral arguments made at the hearing held on October ___, 2016; with appearances as noted in the record; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334; it appearing that venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); notice of the Motion being good and sufficient and appropriate under the circumstances; and for good cause appearing,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1.     The Motion is GRANTED;

2.     The Utility Providers listed on **Exhibit 1** attached hereto, are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3.     Debtor is authorized to (a) provide the Utility Providers a sum equal to fifty percent (50%) of Debtor's estimated monthly costs for utility services (as defined in the Motion) for the Utility Providers (a "Utility Deposit"), based upon an average of Debtor's monthly utility costs for the six (6) months immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposit, the "Adequate Assurance Payments");

4.     Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5.      If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

5.1.      If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

5.2.      The Request must be actually received by Debtor and Debtor's counsel, Micaela Rustia Moore, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting this Motion (the "Request Deadline");

5.3.      Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

5.4.      If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

5.5.    Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that:

6.    If Debtor supplements the list on **Exhibit 1** attached hereto, Debtor will serve a copy of the Motion and this order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

7.    Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served.  The added Utility Provider shall have thirty (30) days from the date of service of the Motion and the Order to make a Request.  In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

**IT IS FURTHER ORDERED** that:

8.    Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice").  Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and/or prepetition deposit to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor.  The immediate refund of a Utility Deposit or prepetition deposit by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

9.    The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10.    If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11.    Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

16.    Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks or wire transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order.  Debtor is authorized to reissue checks or wire transfer requests where such method of payment has been dishonored.

///

///

///

///

///

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Nevada Gaming Partners, LLC*


APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____
    Athanasios Agelakopoulos
    *Trial Attorney for Acting United States Trustee,*
    *Tracy Hope Davis*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Athanasios Agelakopoulos ,
OFFICE OF THE UNITED STATES
TRUSTEE

  Approved / Disapproved     

Approved / Disapproved     

  Approved / Disapproved     

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8