LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Brian Shapiro,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

NEVADA GAMING PARTNERS, LLC,

          Debtor.

Case No.: BK-S-16-15521-gs
Chapter 7

Date:  OST PENDING
Time:  OST PENDING

**MOTION FOR APPROVAL PURSUANT TO 11 U.S.C. § 363 AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS RE: (1) 2012 FORD TRANSIT CONNECT 4D CARGO VAN XLT, AND (2) 2013 CHEVROLET SILVERADO 2500 4D EXTENDED CAB**

Brian D. Shapiro, in his capacity as chapter 7 trustee (the "Trustee") of Nevada Gaming Partners, LLC (the "Debtor"), hereby submits his motion (the "Motion") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), for entry an order approving the sale of: (1) a white 2012 Ford Transit Connect 4D Cargo Van XLT, VIN *0668, with more than 121,000 miles (the "Ford Transit"), and (2) a white 2013 Chevrolet Silverado 2500 4D Extended Cab, VIN *5907 with 107,000 or more miles (the "Chevy Pickup" and together with the Ford Transit, the "Vehicles") free and clear of any and all liens, claims, encumbrances and interests. This Motion is based upon the points and authorities herein, the *Declaration of Brian D. Shapiro* filed herewith, the papers and pleadings on file with the Court in this case, judicial notice of which are requested, and any argument presented to the Court at the hearing on this Motion.

**Jurisdiction and Venue**

1. The Debtor is a gaming company that originally had three (3) main business lines: a slot route operation as certain non-casino locations (the "Slot Route"), a locals casino commonly known as the Klondike Sunset Casino located at 444 West Sunset Road, Henderson, Nevada (the "Casino Business"), and a slot machine refurbishment business (the "Refurbishment Business"). More information regarding the Debtor, its management and operations, and its reasons for filing for bankruptcy are contained in the *Omnibus Declaration of Bruce Familian in Support of First Day Motions* [ECF No. 15].

2. On October 12, 2016 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing its bankruptcy case (the "Chapter 11 Case"). On November 17, 2017, the Court entered an order (the "Conversion Order") [ECF No. 768] converting the Debtor's case to chapter 7 (the "Chapter 7 Case"). On November 17, 2017, the Office of the United States Trustee filed an appointment of the Trustee [ECF No. 770], which appointment, consistent with the Conversion Order, is effective upon the Conversion Date. On November 20, 2017, the Clerk issued a *Notice of Chapter 7 Bankruptcy Case* (the "Chapter 7 Notice") [ECF No. 772]. On December 4, 2018, the Court entered an order confirming that the effective date of the Debtor's conversion to chapter 7 was December 1, 2018 [ECF No. 798].

3. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9006.1, the Trustee consents to the entry of final orders by the bankruptcy judge as to the matters addressed in this Motion. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**Statement of Facts**

4. The Debtor used the Vehicles in the ordinary course of operations of its various businesses, and the Vehicles are not proposed to be part of any sale of the Debtor's Casino Business. The Debtor also has no further use for the Vehicles and thus the Trustee wishes to liquidate them for the benefit of the bankruptcy estate and its creditors.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

5.   The proposed purchasers of the Vehicles are not insiders or affiliates of the Debtor, however, they are or have been the Debtor's employees. Specifically, Michael Oxsen, who is currently an employee of the Debtor, is the proposed purchaser of the Ford Transit, and Djahanshah (Johan) Azodi, who was a full time employee of the Debtor, but is now only doing some hourly work on an as needed basis for the Debtor, is the proposed purchaser of the Chevy Pickup.

6.   In order to ensure that the proposed sales of the Vehicles are for a fair market value, the Trustee obtained offers to purchase the Vehicles from CarMax. CarMax is the largest used car retailer in the United States, and it regularly makes purchase offers for vehicles. In order to determine its purchase offers, CarMax considers a number of factors including current market conditions, its inspection, a test drive it takes of the vehicle, and the vehicle's history report. As such, the Trustee asserts that CarMax's offers for vehicles are a competent and generally reliable opinion of a wholesale value of vehicles. CarMax's offer for the Ford Transit is $5,000, and its offer for the Chevy Pickup is $11,000. True and correct copies of the CarMax offers/appraisals for the Vehicles are attached to the Shapiro Declaration as **Exhibit 1**.

7.   The proposed sales of the Vehicles are at the same price as offered in the CarMax appraisals/offers, and thus based thereon, the Trustee asserts that the sale prices for the Vehicles are fair and adequate under the circumstances. Given the relatively small values of the sales the Trustee believes that approval of the sale is appropriate under the circumstances, plus it will save the estate money in not having to pay any insurance for the Vehicles any longer.

8.   The Ford Transit currently has a lienholder of Nevada State Bank in the amount of approximately $4,008.32, and their security interest will attach to any proceeds of sale from that vehicle in the amount of any indebtedness owing to it. The Debtor owns the Chevy Pickup outright as it very recently completed its payments of that purchase with Wells Fargo Bank, such that the Bank is still holding the certificate of title. Both of these parties have been given notice of this Motion. Other than the foregoing, the Trustee is not aware of any secured creditors properly perfected in and to the Vehicles because there are no liens of any creditors noted in the certificates of title for the Vehicles.

3

9. The Trustee is proposing the sales of the Vehicles via "private" sales and without going through an auction process due to the timing constraints, the fact that buyers have been identified and their offers have been verified by a third party offer, and the low dollar values involved. The proposed transfer documents in support of the sale are simple bills of sale in the form as attached hereto as **Exhibit 1**. Notwithstanding the foregoing, the Trustee will consider any higher or better offers for the Vehicles if tendered by a purchaser with the demonstrated financial ability to close at or prior to the hearing on this Motion.

### Legal Argument

10. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). In order to obtain approval of a transaction that is outside the ordinary course of a debtor's business pursuant to section 363(b)(1) of the Bankruptcy Code, a trustee must demonstrate "some articulated business justification" for the proposed use, sale or leasing of property of the estate. Walter v. Sunwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) (quoting In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986), and in turn citing Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1069-71 (2d Cir. 1983)).

11. In specifically examining the proposed transaction in question that is outside the ordinary course of a debtor's business:

> [T]he bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

4

Walter, 83 B.R. at 20 (quoting In re Continental Air Lines, Inc., 780 F.2d at 1226).

12. As applied in the case at hand, the Trustee has a sound business justification for the sale of the Vehicles because the price is for fair value, the Vehicles are no longer needed for any operations, and the liquidation of the Debtor's estate is one of the Trustee's duties pursuant to section 704 of the Bankruptcy Code.

13. Pursuant to Bankruptcy Code section 363(f), a debtor-in-possession may sell property "free and clear of any interest in such property of an entity other than the estate," if any one of the following conditions is satisfied:

> (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interests;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Courts have interpreted the requirements of section 363(f) to be disjunctive. See In re Wolverine Radio Co., 930 F.2d 1132 (6th Cir. 1991); In re Kellstrom Indus., Inc., 282 B.R. 787, 793 (Bankr. D. Del. 2002). As such, the sale is permissible if any one of the five conditions are met. See In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988); In re Whittemore, 37 B.R. 93, 94 (Bankr. D. Or. 1984).

14. A creditor's consent pursuant to section 363(f)(2) of the Bankruptcy Code may be implied when the creditor fails to make a timely objection after receiving proper notice of the sale. See In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988); Matter of Tabone, Inc., 175 B.R. 855, 858 (Bankr. D.N.J. 1994); In re James, 203 B.R. 449, 453-454 (Bankr. W.D. Mo. 1997). As such, section 363(f)(2) serves as one potential basis to approve the sales of the Vehicles notwithstanding any potential liens or claims in or to the Vehicles.

15. Second, the proposed sales prices of the Vehicles as established by the CarMax

5

appraisals/offers are in excess of the values of any liens on the Vehicles, and thus section 363(f)(3) also authorizes the sales of the Vehicles as well.

### Request for Relief Pursuant to Bankruptcy Rules 6004(h)

16. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Trustee requests a waiver of the stay of the effectiveness of the order granting this Motion in light of the need to consummate the sales promptly in light of the readily movable nature of the assets being sold, the relatively modest values involved in the property proposed to be sold, and the unlikelihood of any potential objection or appeal under the circumstances.

### Conclusion

WHEREFORE, the Trustee respectfully request that the Court enter an order granting this Motion, thereby:

1. Authorizing and approving the sale of the Vehicles to the proposed purchasers set herein (or if higher offers are received at or prior to the hearing, to such higher and better offers) pursuant to section 363(b) of the Bankruptcy Code;

2. Approving such sales as free and clear of any liens, claims, encumbrances or interests pursuant to section 363(f) of the Bankruptcy Code;

3. Authorizing the Trustee and any persons associated with the Debtor to take any reasonable steps in their discretion to consummate these sales of the Vehicles forthwith, including but not limited to the execution of any bills of sale, certificates of title, or other transfer documents to effectuate the sales contemplated;

4. Grant a waiver of any stay of effectiveness of the order approving this Motion pursuant to Bankruptcy Rule 6004(h) such that the order is effective immediately upon its entry; and

. . .

. . .

. . .

6

5. Grant the Trustee such other and further relief as is just and proper.

Dated: February 27, 2018.

> By: /s/ Matthew C. Zirzow
> LARSON ZIRZOW & KAPLAN, LLC
> ZACHARIAH LARSON, ESQ.
> MATTHEW C. ZIRZOW, ESQ.
> 850 E. Bonneville Ave.
> Las Vegas, Nevada 89101
>
> Attorneys for Brian Shapiro,
> Chapter 7 Trustee

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169